# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GERSHWAIN SPRAUVE, | |
| Plaintiff, | Civil Action No. 13-08 (SDW) |
| v. | **OPINION** |
| THE WEST INDIAN COMPANY LIMITED, and JOSEPH BOSCHULTE in his personal capacity, the BOARD OF DIRECTORS OF THE WEST INDIAN COMPANY LIMITED, and JOSEPH BOSCHULTE, as PRESIDENT and CHIEF EXECUTIVE OFFICER OF THE WEST INDIAN COMPANY LIMITED, | April 16, 2014 |
| Defendants. | |

**WIGENTON**, District Judge.

Before the Court is the West Indian Company Limited ("WICO") and Joseph Boschulte, as President and Chief Executive Officer of WICO ("Boschulte"), (collectively "Defendants") Motion for Award of Attorney's Fees and Costs pursuant to 42 U.S.C § 1988 and Federal Rule of Civil Procedure 54(d). Boschulte—in his individual capacity—also moves separately for an award of attorney fees and costs pursuant to 42 U.S.C § 1988 and Federal Rule of Civil Procedure 54(d). Also before the Court are Defendants' Motions to Strike Gershwain Sprauve's ("Plaintiff") supplemental filings in support of his opposition to the Motions for Attorney's Fees and Costs. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' Motion for Attorney's Fees and Costs and Boschulte's Motion for Attorney's Fees and Costs are **DENIED**. Further, Defendants' Motions to Strike are **DENIED** as moot.

1

I.      **FACTS AND PROCEDURAL HISTORY**

On January 28, 2013, Plaintiff filed the Complaint in this action alleging violations of the First and Fourteenth amendments, violations of 42 U.S.C. § 1983, and various state claims. (Dkt. 1.) On March 11, 2013, Defendants moved to dismiss for lack of subject matter jurisdiction and moved to quash Plaintiff's service of the summons and Complaint on the WICO Board of Directors. (Dkt. 14.) On October 8, 2013, this Court granted Defendants' motion for lack of jurisdiction and quashed service of the summons and Complaint on the WICO Board. *Sprauve v. W. Indian Co. Ltd.*, No. 13-0008 (SDW) (RM), 2013 WL 5542902 at *1 (D.V.I. Oct. 8, 2013).

In the October 8, 2013 Opinion, this Court dismissed Plaintiff's First Amendment claim after concluding "that WICO is not a public entity and its employees are not public employees." *Id.* at *7 (internal quotation marks omitted). Additionally, Plaintiff's Fourteenth Amendment claims were dismissed because they were brought against "private actors" that were not "participating in joint activity with the Government of the Virgin Islands or any state actor." *Id.* at *8 (internal quotation marks omitted). Plaintiff's § 1983 claims were dismissed because Defendants "were not acting under color of state law." *Id.* at *6. Further, this Court "decline[d] to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367." *Id.*

On October 22, 2013, Defendants collectively—and Boschulte in his individual capacity—moved for attorney's fees and costs. (Dkt. 26, 28.) On November 25, 2013, Plaintiff opposed the motions. (Dkt. 35, 36.) On February 7, 2014, Plaintiff submitted supplemental filings in support of his opposition to the motions for attorney's fees and costs. (Dkt. 40, 41.) Thereafter, Defendants moved to strike Plaintiff's supplemental filings. (Dkt. 42, 43.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Pursuant to 42 U.S.C. § 1988, it is within a court's discretion to authorize an attorney's fee award to a prevailing party in a § 1983 action. 42 U.S.C. § 1988(b); *see Fox v. Vice*, 131 S. Ct. 2205, 2213-14 (2011). A "district court . . . [may] award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Fox*, 131 S. Ct. at 2213; *see Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."). "It is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees. Rather, the relevant standard is objective." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). Furthermore, "[t]he determination of fees 'should not result in a second major litigation.'" *Fox*, 131 S. Ct. at 2216 (quoting *Hensley*, 461 U.S. at 437).

## III. DISCUSSION

As the Supreme Court has held, a prevailing party is one who "has prevailed on the merits of at least some of his claims." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). The Third Circuit has noted that a dismissal under Federal Rule of Civil Procedure 12(b)(1) is not considered prevailing on the merits because "[i]f a court . . . determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits.

3

It has no authority to do so." *In re Orthopedic "Bone Screw" Products Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997).

Here, Defendants did not prevail on the merits as Plaintiff's federal claims were dismissed for a lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and this Court did not extend supplemental jurisdiction over Plaintiff's state law claims. Because Defendants did not prevail on the merits of at least some of the claims, Defendants are not considered prevailing parties for the purposes of attorney's fees and costs under 42 U.S.C. § 1988. Thus, Defendants' requests for attorney's fees and costs under Federal Rule of Civil Procedure 54(d) are not warranted.

Furthermore, this Court finds that Plaintiff's claims were not "frivolous, unreasonable, or without foundation." *Fox*, 131 S. Ct. at 2213. Plaintiff's claims failed only after this Court found that the Defendants were private actors not liable under Plaintiff's constitutional and complementary § 1983 claims. *Sprauve*, 2013 WL 5542902 at *7. This Court's finding was made after the Public Employees Relations Board ("PERB") "concluded that WICO employees were not public employees." *Id.* at *5 (internal quotation marks omitted); *see also UIW-SIU/Browne & Challenger v. WICO*, PERB-ULPC-12-14-T, at 6 (Jan. 31, 2013) (PERB opinion classifying Defendant as private actor); *Sprauve v. WICO, PERB-GSA-13-01T*, at 4-5 (Apr. 24, 2013) (same).

As Defendants correctly note, this Court's ultimate determination was "[c]onsistent with PERB's recent decisions"; however, PERB's rulings were neither dispositive nor binding. *Sprauve*, 2013 WL 5542902 at *5. Instead, an independent determination was made "based on the record and relevant authority." *Id.* As this Court noted in its Opinion, determining whether WICO employees are considered "public employees" was an issue of first impression in this District. *Id.* at *8. This Court carefully and independently decided the issue of whether Defendants were

4

private or public actors. *Id.* at *6. After having made the determination that Plaintiff is not a public employee, Plaintiff's federal claims were dismissed and this Court "decline[d] to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367." *Id.* at *8. Accordingly, nothing in the record reflects that Plaintiff's Complaint was made in bad faith or was frivolous, unreasonable, vexatious, or without foundation. Thus, Defendants are not entitled to attorney's fees and costs in this matter.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motions for attorney's fees and costs are **DENIED**. Further, Defendant's motions to strike are **DENIED** as moot.

s/Susan D. Wigenton, U.S.D.J.<br>
**Susan D. Wigenton, U.S.D.J.**

cc:   United States Magistrate Judge Ruth Miller