UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 16, 2017

Karin A. Bentz, Esq.
Law Offices of Karin A. Bentz, P.C.
5150 Dronningens Gade, Suite 8
St. Thomas, VI 00802
*Counsel for Plaintiffs*

Sharmane Davis-Brathwaite, Esq.
Adriane J. Dudley, Esq.
Dudley Rich Davis LLP
5194 Dronningens Gade, Suite 3
St. Thomas, VI 00802
*Counsel for Defendants*

## **LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:     Sprauve v. The West Indian Company Limited et al.; Smith v. The West Indian Company Limited et al.**
        **Civil Action Nos. 13-08, 13-30 (SDW) (RM)**

Counsel:

Before this Court is Plaintiffs Gershwain Sprauve and Andrea Smith's (collectively "Plaintiffs") Appeal of Magistrate Judge Ruth Miller's March 23, 2017 Oral Decision ("March 23rd Decision") denying Plaintiffs' Motion for Additional Depositions.[1] (ECF Nos. 218, 229, 232.)

This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, affirms the Magistrate Judge's decision.

## **DISCUSSION**

---

[1] Although Plaintiff Smith did not file a motion to depose additional witnesses, (ECF No. 238-1 at 9, lines 3-7), because both parties share an attorney and have, to this point, moved jointly on pre-trial matters, and because Plaintiffs' counsel indicated on the record that the motion applies to both cases, (ECF No. 238-1 at 9, lines 5-12), this Court will treat the underlying motion as having been brought by both parties. For simplicity's sake, however, this Court will cite only to docket entries from *Smith*, 13-08.

A. Standard of Review for Appeal of Magistrate Judge's Order

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *see also Clarke v. Marriot Int'l, Inc.*, Civ. No. 08-86, 2010 WL 1657340, at *3 (D.V.I. Apr. 23, 2010). "When ruling on non-dispositive pre-trial matters, a magistrate judge's decisions are accorded wide discretion." *Kiskidee, LLC v. Certain Interested Underwriters at Lloyd's of London Subscribing to Policy No. NB043060B*, Civ. No. 9-077, 2012 WL 107224, at *2 (D.V.I. Mar. 26, 2012). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

B. The Magistrate Judge's March 23, 2017 Decision is Neither Clearly Erroneous Nor Contrary to Law

Because this Court writes only for the parties, it assumes familiarity with the underlying facts of this case and addresses only those facts necessary to reach its decision. The parties in this wrongful termination action have been engaged in pre-trial discovery and disputes have arisen over document production, electronically stored information ("ESI"), and depositions. Pursuant to the Trial Management Order, fact discovery closed on November 15, 2016. (ECF No. 71.)

On January 4, 2017, Plaintiffs for the first time noticed Cheryl Peterson[2] ("Peterson") and Cherri Cameron[3] ("Cameron") for depositions, despite the fact that Peterson had been included in Plaintiffs' Rule 26 disclosures and Cameron had been mentioned by Plaintiff Smith during her deposition in October 2016. (ECF Nos. 200, 201.) On that same day, Plaintiffs noticed their intent to subpoena Melton Frett ("Frett") and Georgiana Richards ("Richards"). (ECF Nos. 202, 203.) Defendants moved to strike the notices on January 5, 2017. (ECF. No. 204.) On January 6, 2017, Magistrate Judge Miller held a conference with the parties and instructed Plaintiffs' counsel to seek leave of court prior to noticing any depositions. (ECF No. 238-1 at 21.) On February 7, 2017, nearly three months after the expiration of the fact discovery deadline, Plaintiffs filed a motion to depose Peterson, Cameron, Frett and Richards.

---

[2] Peterson was the WICO financial manager during the times relevant to this suit. (ECF. No. 218 at 3.) Plaintiffs claim she has "personal knowledge and/or observation of Defendant Boshulte's conduct" towards Plaintiffs "and other facts relevant to the underlying issues in this case." (*Id.*)

[3] Cameron was an administrative secretary during the times relevant to this suit who worked closely with Plaintiff Smith. (ECF. No. 218 at 4.)

2

On March 23rd, Magistrate Judge Miller granted Plaintiffs' motion as to Frett and Richards. The parties had discussed deposing those individuals in an earlier conference, but their depositions had been delayed because they had been located off island for a period of time. (ECF No. 238-1 at 35-38.) Magistrate Judge Miller denied Plaintiffs' motion as to Peterson and Cameron, finding that Plaintiffs failed to show "that those additional depositions would be proportional to the needs of this case" noting that Plaintiffs had already taken eleven depositions. (ECF No. 238-1 at 39, 41.) In addition, Magistrate Judge Miller held that Plaintiffs "waited too long to identify and ask for those witnesses" and that the Court did not believe "that they have particularly relevant information to offer given [Plaintiffs'] claims." (*Id.* at 41-42.)

Plaintiffs have not shown that the Magistrate Judge's decision is clearly erroneous or contrary to law and, indeed, offer precious little in the way of legal argument. Because Plaintiffs failed to timely notice their depositions, under Federal Rule of Civil Procedure 6(b), they bear the burden of showing that they failed to act "because of excusable neglect." FED. R. CIV. P. 6(b); *see also Glasgow v. Veolia Water N. Am. Operating Serv. LLC*, Civ. No. 09-19, 2011 WL 3471963, at *3 (D.V.I. Aug. 5, 2011). Yet, when pressed at oral argument, Plaintiffs' counsel offered no reasonable justification for the delay. (ECF No. 238 at 18.) Plaintiffs could have noticed Peterson at any time, and Cameron beginning in October 2016, yet waited to do so until long after fact discovery had closed. Plaintiffs also fail to establish what necessary testimony those individuals could offer – nothing in Plaintiffs' papers suggest that either Peterson or Cameron were involved in terminating Plaintiffs from their positions with WICO. This Court finds that Magistrate Judge Miller appropriately exercised her discretion to deny Plaintiffs' motion to depose Peterson and Cameron and will affirm her March 23rd Decision.

**CONCLUSION**

For the reasons set forth above, Magistrate Judge Miller's March 23, 2017 Decision is **AFFIRMED**. An appropriate order follows.

                                                    /s/ Susan D. Wigenton
                                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Ruth Miller, U.S.M.J.