<u>**NOT FOR PUBLICATION**</u>

## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| GERSHWAIN SPRAUVE, | : |
| Plaintiff, | : Civil Action No. 3:13-cv-00008 |
| v. | : |
|  | : **OPINION** |
| THE WEST INDIAN COMPANY LIMITED, and JOSEPH BOSCHULTE in his personal capacity, the BOARD OF DIRECTORS OF THE WEST INDIAN COMPANY LIMITED, and JOSEPH BOSCHULTE, as PRESIDENT and CHIEF EXECUTIVE OFFICER OF THE WEST INDIAN COMPANY LIMITED, | : July 17, 2017 |
| Defendants. | : |

**WIGENTON**, District Judge.

Before the Court are Defendants The West Indian Company Limited ("WICO") and Joseph Boschulte's ("Boschulte") (collectively "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on all of Plaintiff Gershwain Sprauve's ("Plaintiff") claims.[1]

---

[1] Plaintiff's original Complaint contained the following seventeen claims: (Count 1) First Amendment violation; (Count 2) Fourteenth Amendment violation; (Count 3) Virgin Islands Wrongful Discharge; (Count 4) Breach of Contract; (Count 5) Defamation; (Count 6) Prima Facie Torts; (Count 8) Tortious Interference with Contract; (Count 9) Intentional Infliction of Emotional Distress; (Count 10) Negligent Hiring and Supervision; (Count 11) Breach of Covenant of Good Faith and Fair Dealing; (Count 12) Civil Conspiracy; (Count 13) Misrepresentation and Fraud; (Count 14) Failure to Promote; (Count 15) Equal Protection; (Court 17) Violation of Employee Handbook; and two counts of 42 U.S.C. § 1983 violations against Boschulte in his personal capacity (Counts 7, 16). (Dkt. No. 1.)

On October 8, 2013, this Court dismissed the WICO Board as a defendant. (Dkt. Nos. 24, 25.) In his opposition to Defendants' Motion to Dismiss, Plaintiff also voluntarily dismissed: 1) all claims against Boschulte in his personal capacity, which dismisses Counts 7 and 16 in their entirety and removes Boschulte in his personal capacity from all remaining claims, and 2) Counts 3, 5, 6, 8, 10, 12, 13 and 14 in their entirety. (Dkt. No. 166 n. 2.) Therefore, the only remaining claims subject to the instant motion for summary judgment are Counts 1, 2, 4, 9, 11, 15, and 17.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.[2] For the reasons stated below, this Court **GRANTS IN PART** Defendants' Motion for Summary Judgment.

## I. BACKGROUND AND PROCEDURAL HISTORY

Because this Court writes only for the parties, and because the factual history of this matter has been extensively addressed in prior opinions (*see, e.g.* Dkt. No. 24; *Sprauve v. West Indian Co. Ltd.*, 799 F.3d 226 (3d Cir. 2015)), only the facts necessary for the resolution of the instant motion are included here. WICO is the Port Agent of the Port of Charlotte Amalie, St. Thomas, Virgin Islands and manager of the Havensight Mall at that port. (Compl. ¶ 8; *see also Sprauve*, 799 F.3d at 227.)[3] Plaintiff began his employment with WICO as Manager of Mall Operations on April 1, 1997. (Compl. ¶¶ 13-14.) In October 1997, Plaintiff was also appointed to be WICO's Corporate Secretary. (*Id.* ¶ 14.) In February 2010, Plaintiff applied to replace Edward Thomas ("Thomas") as WICO's President and CEO after Thomas indicated his intent to retire. (*Id.* ¶¶ 16-17.) Although the WICO Board of Directors ("Board") and Thomas encouraged Sprauve to apply and accepted his application, Sprauve was never offered a formal contract. (*Id.* ¶¶17-19, 23.) Instead, WICO offered Sprauve the position of Chief Operating Officer ("COO"), a job Sprauve accepted. (*Id.* ¶ 20, Dkt. Nos. 79-1, 205-1 at 4.) On March 13, 2012, WICO announced it had

---

This Court notes that Plaintiff did not oppose Defendants' motion to dismiss Count Fifteen, and did not address it in either his original or supplemental briefing. However, because Plaintiff did not explicitly and voluntarily dismiss it, this Court will address Count Fifteen on the merits.

[2] Plaintiff moved for oral argument on January 30, 2017. (Dkt. No. 22.) Defendants opposed the motion on February 3, 2017 and Plaintiff replied on February 17, 2017. (Dkt. Nos. 215, 223.) This Court is satisfied that the parties' submissions provide sufficient information upon which it can reach its decision and that oral argument is unnecessary. Therefore, Plaintiff's motion will be denied.

[3] For purposes of Plaintiff's Constitutional claims, WICO is also "an agency or instrumentality of the Virgin Islands and subject to the constraints of the Constitution." *Sprauve*, 799 F.3d at 234.

hired Defendant Joseph Boschulte ("Boschulte") as President and CEO. (Compl. ¶ 24.) Boschulte started work at WICO on May 1, 2012. (*Id.* ¶ 25.)

Prior to Boschulte's hiring, Plaintiff had regularly received positive performance evaluations, salary increases and performance-based cash bonuses. (*Id.* ¶ 15; Dkt. No. 211-1 at 9.) Shortly after joining WICO, however, Boschulte expressed concerns about Plaintiff's job performance, and issued him a written warning for insubordination. (Dkt. No. 79-1.) In a letter dated July 26, 2012, Plaintiff complained about Boschulte to the Board regarding conflicts that had arisen between the two men. (Compl. ¶¶ 25-30, Dkt. No. 205-1 at 10, 26-27.) The Board investigated Plaintiff's complaint and recommended that, among other things, Plaintiff and Boschulte keep "lines of communication . . . open and . . . fluid," noted that "it is the consensus of the WICO board members that it is incumbent on the Executive staff to work together in the best interest of WICO," and indicated that it did not uncover "any conflict that would prevent this from occurring . . .." (Dkt. No. 205-1 at 22-23.) The parties were not able to eliminate their conflicts, however, and on August 31, 2012, Boschulte fired Plaintiff, for "failure to perform the duties expected" including attending an August 29, 2012 meeting with the Virgin Islands Legislature. (Compl. ¶¶ 31-36, Dkt. No. 79-2.) Three other employees who did not attend the legislative meeting were not terminated. (Compl. ¶¶ 31-32, 127.)

On January 28, 2013, Plaintiff filed a Complaint in this Court alleging both federal and state law claims. (Dkt. No. 1.) On July 1, 2016, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 78, 79.) Plaintiff filed his opposition on October 27, 2016. (Dkt. No. 166.) Defendants filed their reply on November 10, 2016. (Dkt. No. 182.) This Court subsequently converted Defendants' motion to a motion for summary judgment

and provided the parties with additional time to file supplementary briefs. (Dkt. Nos. 197, 199, 205, 207, 211.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's

evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

### III. DISCUSSION

#### A.

#### *Count One – First Amendment*

Plaintiff's first claim is that WICO violated his First Amendment right to free speech by retaliating against him after he "complain[ed] to the WICO Board about the hostile working environment that Boschulte create[d] at WICO with the use of inappropriate language and conduct." (Compl. ¶¶ 37-41.)

"In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003)). "A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241-42 (3d Cir. 2006) (citing *Garcetti v. Ceballos,* 547 U.S. 410, 418 (2006)). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Rankin v. McPherson,* 483 U.S. 378, 384-85 (1987) (quoting *Connick v. Myers,* 461 U.S. 138, 147–148 (1983)). "Speech implicates a matter of public concern if the content, form, and context establish that the speech involves a matter of political, social or other concern to the community." *Smith v. V.I. Hous. Auth.*, Civ. No. 09-00011, 2011 WL 797373, at *6 (D.V.I. Feb. 28, 2011) (quoting *Miller v. Clinton Cty.*, 544 F.3d 542, 548 (3d Cir. 2008)). Although the First Amendment "invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" *Garcetti*, 547 U.S. at 420 (citing *Connick*, 461 U.S. at 154). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications . . .." *Id.* at 421.

Here, Plaintiff alleges only that he complained to the WICO Board about his working relationship with Boschulte and Boschulte's "behavior." (Compl. ¶¶ 37-41, Dkt. No. 205-1 at 10,

6

26-28.)  Indeed, the Board's internal investigation focused on the two men's working relationship and encouraged them to find ways to work together.  (Dkt. No. 205-1 at 22-23.)  Plaintiff's statements to the Board as articulated in his letter of July 26, 2012 were made as a WICO executive and focused solely on his dissatisfaction with how Boschulte handled himself as CEO.  It is clear, therefore, that Plaintiff did not speak as a citizen on a matter of public concern and, as such, he did not engage in conduct entitled to First Amendment protection.  Therefore, Defendants' Motion for Summary Judgment will be granted as to Count One.

### *Count Two – 14th Amendment – Procedural Due Process*

In Count Two, Plaintiff alleges that he "had a property interest in his employment with WICO" and was deprived of that interest without due process because WICO did not "afford[] Plaintiff an[] opportunity to be heard before terminating his employment."  (Compl. ¶¶ 43-44.)

To establish a procedural Due Process claim, a public employee "must demonstrate that '(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law.'" *Iles v. De Jongh,* 638 F.3d 169, 173 (3d Cir. 2011) (quoting *Biliski v. Red Clay Consol. School Dist. Bd. of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009)); *see also Liburd v. Gov't of Virgin Islands*, Civ. No. 2011-020, 2013 WL 960780, at *7 (D.V.I. Mar. 13, 2013).  State or territorial law determines whether a public employee has a property right in continued employment.  *Liburd*, 2013 WL 960780, at *7.

Here, Plaintiff argues that he has a property right in his continued employment pursuant to the Virgin Islands' Wrongful Discharge Act ("WDA"), 24 V.I.C. § 76, which prohibits the termination of employees except for one of nine enumerated reasons. *See Del Valle v. OfficeMax N. Amer., Inc.*, Civ. No. 13-24, 2015 WL 222582, at *5-6 (D.V.I. Jan. 14, 2015) (discussing the

scope and application of the WDA); *see also* Compl. ¶ 11.[4] The WDA, however, does not apply to managerial or supervisory employees. *See Del Valle*, 2015 WL 222582 at *6-7, *aff'd by Del Valle v. Officemax N. Amer., Inc.*, Civ. Nos. 16-1514, 16-1675, 16-2751, 2017 WL 765792, at *8 (3d Cir. Feb. 10, 2017) (noting that the Circuit had "previously held that the WDA, as applied to supervisors, is preempted by the National Labor Relations Act ('NLRA')"); *see also* 24 V.I.C. § 62 (noting that the definition of employee "does not include . . . any individual employed in a bonafide position in an executive or professional capacity"). Plaintiff was the Chief Operating Officer at the company when the events at issue occurred. As COO, Plaintiff was an officer and senior executive of the company. (*See* Dkt. No. 205-1 at 16 (describing Plaintiff as an "officer" on par with the CEO), 23 (describing Plaintiff and Boschulte as members of the "Executive Staff"). Plaintiff's role was obviously managerial and supervisory in nature and, therefore, the WDA does not provide him with a property interest in his continued employment with WICO.

Nor can Plaintiff claim Due Process protection under other Virgin Islands statutes. Only "regular" career service public employees have a property right in their continued employment and may not be fired except for good cause. *Iles*, 638 F.3d at 174; *see also McIntosh-Luis v. De Jongh*, Civ. No. 09-22, 2012 WL 1139746 at *5 (D.V.I. Mar. 30, 2012); *Noorhasan v. De Jongh,* Civ. No. 11-21, 2011 WL 1033704 at *2 (D.V.I. Mar. 21, 2011).[5] "To be a 'regular' [career

---

[4] The WDA acts as "'a statutory abrogation of the common law rule of at-will employment applicable in the Virgin Islands." *Maynard v. Rivera*, 675 F.3d 225, 228 (3d Cir. 2012). Although Plaintiff has voluntarily dismissed his separate state law claim under the WDA, he appears to continue to rely on it by pleading that a prior stock purchase agreement which transferred ownership of WICO to the Government of the Virgin Islands contains a clause that provides in relevant part that "[a]ll of the company's employees are subject to provisions of Title 24 V.I.C. § 76 et. seq. . . ." (Compl. ¶¶ 9-11.)

[5] There are three categories of public employees under Virgin Islands law: "exempt service, 'regular' career service, and 'not regular' career service. *Iles,* 638 F.3d at 173. A position is "exempt" when the Governor designates it as a position of a "policy-determining nature" and it is submitted to the Legislature. *Id.* Exempt employees can be terminated without cause, and have no property right in continued employment. *Id.* Non-exempt employees are considered "career service employees," a category which is itself further divided into two subcategories: "regular" career service employees and "not regular" career service employees. *Id.*; *see also McIntosh–Luis,* 2012 WL 1139746 at *5.

service] employee and thus gain a property interest in employment, an employee must have been 'appointed to a position in the [career] service in accordance with . . . Title 3, Chapter 25 of the Virgin Islands Code'" which requires that career service employees be "appointed 'on the basis of merit and fitness, to be ascertained by competitive examinations.'" *Iles*, 638 F.3d at 175-76 (citing 3 V.I.C. § 451); *see also Liburd*, 2013 WL 960780 at *7–8 (citing 3 V.I.C. § 530(a)(2)(C) and noting that a regular career service employee is an employee who "'has been appointed to a position in the classified or career service or served in a temporary position for more than two years in a department or agency of the executive branch or in an instrumentality,' and 'who is not on contract, is not on probation, and therefore subject to dismissal, demotion or suspension, only for cause'").

Nothing in the record suggests that Plaintiff was employed in the career public service of the Government of the Virgin Islands. There is no evidence that Plaintiff sat for a competitive examination prior to his hiring as required under Title 3, Chapter 25 of the Virgin Islands Code. *See* 3 V.I.C. § 521 (2016). Nor is there any evidence in the record that Plaintiff was appointed to hold a position in the executive branch of the Virgin Islands government. Rather, Plaintiff's employment was at all times governed by the WICO Employee Handbook. (Compl. ¶ 12.) As such, Plaintiff has no property right in his continued employment and, consequently, no claim under the Fourteenth Amendment. Therefore, Defendants' Motion for Summary Judgment will also be granted as to Count Two.

### *Count Fifteen – 14th Amendment – Equal Protection*

In Count Fifteen, Plaintiff alleges that Boschulte and WICO "violated the Equal Protection Clause of the Fourteenth Amendment for treating Plaintiff differently than the three other employees who did not attend the legislative hearing." (Compl. ¶ 127.) To bring an Equal

9

Protection claim, a "plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class." *Lande v. City of Bethlehem*, 457 Fed. Appx. 188, 192 (3d Cir. 2012). The record contains no evidence that Plaintiff is a member of a protected class. Therefore, Defendants' Motion for Summary Judgment will also be granted as to Count Fifteen.[6]

B.

The remaining four counts of Plaintiff's Complaint are state law claims.[7] Under 28 U.S.C. § 1367, federal courts may exercise jurisdiction over state law claims, however, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted).

This Court has dismissed all of Plaintiff's claims arising under federal law. Consequently, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims are, therefore dismissed without prejudice. Defendants' motion for summary judgment as to these four claims is dismissed as moot.

---

[6] In his opposition to a prior motion to dismiss on jurisdictional grounds, Plaintiff argues that his Equal Protection claim is a "class of one" claim. (Dkt. No. 17 at 15-16.) However, the "class of one theory . . . has no place in the public employment context." *Enquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 609 (2008).

[7] The remaining counts are: Count 4 – Breach of Contract; Count 9 – Intentional Infliction of Emotional Distress; Count 11 – Breach of the Covenant of Good Faith and Fair Dealing; and Count 17 – Violation of the Employee Handbook)

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED IN PART**. This Court declines to exercise jurisdiction over the remaining state claims. Those claims are dismissed without prejudice. This matter shall be closed on this Court's docket. An appropriate Order follows.

/s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**

cc: Clerk
United States Magistrate Judge Ruth Miller
Parties